### WITT v. AMARILLO NAT. BANK.†

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied March 25, 1911.)

PRINCIPAL AND SURETY (§ 16*)—CREATION OF RELATION.

The maker of a note secured by mortgage does not become a mere surety as to the note because, when he afterwards conveys the mortgaged property to R., he informs the payee thereof, and tells it that it must look to R. as the principal obligor, and to himself as surety only; the payee not consenting or agreeing thereto.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 35; Dec. Dig. § 16.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by Amarillo National Bank against E. J. Witt. Judgment for plaintiff. Defendant appeals. Affirmed.

Reeder & Graham, for appellant. Cooper & Stanford, for appellee.

DUNKLIN, J. E. J. Witt has appealed from a judgment in favor of the Amarillo National Bank for the amount due on a promissory note executed by him. The following facts were alleged in a special plea filed by Witt:

Contemporaneously with the execution of the note, appellant also executed a mortgage in favor of the bank on certain real estate to secure the payment of the note. Thereafter he sold the real estate to T. W.

---

Reedy, who assumed payment of the note as a part of the consideration for the sale. Appellant then informed the officers of the bank of the transaction with Reedy, telling them at the same time that they must look to Reedy as the principal obligor and to appellant as surety only. After the maturity of the note, appellant served upon appellee a request in writing that suit be instituted forthwith upon the note; but appellee failed and refused to sue thereon until after two terms of the district court of Potter county had convened. Upon the facts so pleaded, appellant alleged that T. W. Reedy became the principal obligor, and he a surety, and that he had been discharged from all liability on the note, evidently invoking the benefit of Sayles' Rev. Civ. St. 1897, arts. 3811, 3812. There was no error in sustaining appellee's special exception to that plea, as it contained no allegation that appellee in any manner consented or agreed to look to Reedy as the principal obligor on the note. Shapleigh Hardware Co. v. Wells & Chestnutt, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783.

In his answer appellant further alleged that since the maturity of the note the real estate conveyed to Reedy had depreciated in value to such an extent that it was not worth more than the mortgage indebtedness against it and T. W. Reedy had become insolvent; that when the note matured Reedy was solvent, and the equity in the real estate conveyed to him by appellant was of sufficient value to liquidate the note. With these allegations of fact as a basis, appellant by plea in reconvention sought a judgment against appellee for the value of the equity in the real estate so lost to him by reason of appellee's failure to institute suit upon the note in compliance with appellant's written request so to do. The cause of action here asserted is necessarily predicated on the contention that by reason of the facts alleged in the first special plea, noted above, appellant was a surety only upon the note, and, as that contention cannot be sustained, it follows that the trial court did not err in sustaining appellee's demurrer to the plea in reconvention.

The foregoing is a disposition of the only assignments of error presented, and the judgment is affirmed.